UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

DONALD E. BENNETT,

        Plaintiff,

    v.

MICHAEL B. MUKASEY, U.S. Attorney General, et al.,

        Defendants.

Case No. C07-00014RJB

ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter comes before the court on defendants' Motion to Dismiss. Dkt. 19. The court has considered the pleadings filed in support of and in opposition to the motions, oral argument via conference call on March 24, 2008, and the file herein.

PROCEDURAL HISTORY

The complaint in this matter alleges that the plaintiff was a Deputy U.S. Marshal, employed by the United States Marshals Service (USMS) in Fairbanks, Alaska, from May 1987 until January 15, 2007. Dkt. 13. The plaintiff alleges that in January 2005, while undergoing an annual medical examination, he failed a blood glucose test. Dkt. 13 at 5. In April 2005, the USMS ordered him to cease work as an active deputy and to turn in his vehicle and weapons. Dkt. 13 at 6. The plaintiff alleges that then Chief Deputy U.S. Marshal Wanda Phillips offered him a "light duty" position. However, because there were no light duty positions in the USMS office in Fairbanks, Alaska, he used annual and sick leave from April 2005 until March 2006 to respond to the USMS' concerns about his medical condition. Dkt. 13 at 6-10. In March 2006, the plaintiff was medically cleared to return to full duty status. Dkt. 13 at 10.

The plaintiff filed a six-count complaint on June 22, 2007, naming as defendants the USMS, the USMS Medical Department, U.S. Marshal Randy Johnson, Chief Deputy (retired) U.S. Marshal Wanda Phillips, and (current) Chief Deputy U.S. Marshal Marc Otte. Dkt. 1. The plaintiff alleges that the USMS management officials named as defendants discriminated against him based on disability (diabetes). Dkt. 13 at 13. The plaintiff alleges that due to the actions of the USMS, he was forced to use his accumulated sick and annual leave between April 2005 and March 2006. Dkt. 13 at 14.

On November 28, 2007, defendants filed a motion to dismiss the plaintiff's original complaint (Dkt. 1) under Fed.R.Civ.P. 12(b)(1) and (6). Dkt. 6. The plaintiff opposed the motion (dkt. 12) and filed an amended complaint on January 21, 2008. Dkt. 13. On February 19, 2008, the court struck the defendants' motion to dismiss as moot. Dkt. 20. In the plaintiff's amended complaint, Dkt. 13, Count I alleges that the plaintiff was "wrongfully removed from active duty [due] to a perceived disability or record of disability," resulting in discrimination under §501 of the Rehabilitation Act, 29 U.S.C. §791. Dkt. 13 at 12. Count II alleges a Concert of Action by the defendants resulting in discrimination against the plaintiff. Dkt. 13 at 13. Count III alleges that the plaintiff was forced to use accrued sick and annual leave while defendants improperly delayed making a determination as to the plaintiff's medical status, resulting in damages pursuant to the Back Pay Act, 28 U.S.C. §5596. Dkt. 13 at 15.

## MOTION TO DISMISS

The defendants filed a Motion to Dismiss Amended Complaint on February 13, 2008. Dkt. 19. First, the defendants contend that U.S. Attorney General Michael Mukasey is the sole proper defendant in this action. Dkt. 19 at 5. Defendants state that the amended complaint improperly names the USMS, the USMS Medical Department, U.S. Marshal Johnson, former Chief Deputy U.S. Marshall Phillips, and current Chief Deputy Otte as defendants, and that they should be dismissed. Dkt. 19 at 10.

Second, the defendants argue that the plaintiff's Count I Rehabilitation Act claim must be dismissed because he did not exhaust administrative remedies. Dkt. 19 at 10. Specifically, the defendants contend that he failed to bring his claim to the attention of the Equal Employment Opportunity Commission (EEO) in a timely fashion. In addition, defendants contend, the plaintiff alleges two new allegations of discrimination that were never asserted in the plaintiff's EEO complaint. Dkt. 19 at 10.

Third, the defendants allege that the plaintiff may not bring his Count II Concert of Action claim before this court. Dkt. 19 at 10. The defendants say this is because the Rehabilitation Act provides the exclusive remedy for federal employee disability-based employment discrimination claims against the federal government.

Finally, the defendants contend that the plaintiff's Count III Back Pay Act claims fail because the Back Pay Act does not provide an independent cause of action. Dkt. 19 at 11.

The plaintiff filed a Response in Opposition to the motion on March 4, 2008. Dkt. 23. The defendants filed a Reply on March 10, 2008. Dkt. 24.

## STANDARD FOR MOTION TO DISMISS

When a motion is made pursuant to Fed.R.Civ.P. 12 (b)(1), plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499(9th Cir. (2001). Plaintiff must demonstrate the existence of whatever is essential to federal jurisdiction, and, if plaintiff does not do so, the court, on having the defect called to its attention or on discovering the defect, must dismiss the case, unless the defect can be cured by amendment. *Smith v. McCullough*, 270 U.S. 456, 459 (1926). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

**1. Count I Claim under the Rehabilitation Act (RA)**, **29 U.S.C. §791**

Coverage for disability discrimination in Federal employment is provided under Section 501 of the Rehabilitation Act of 1973 (RA), as amended, 29 U.S.C. § 791. *Boyd v. United States Postal Service*, 752 F.2d 410, 413-14 (9th Cir. 1985). The plaintiff has alleged a claim under the RA for discrimination on the basis of disability. The defendant contends that he has not exhausted his administrative remedies. Dkt. 19 at 10.

The procedures governing Title VII discrimination cases are applicable to disability discrimination cases brought pursuant to the RA. 29 U.S.C. § 794a(a)(1). Pursuant to Title VII, the Equal Employment Opportunity Commission (EEOC) promulgated regulations to establish procedures for the administrative implementation of its provisions. *See* 42 U.S.C. § 2000e-16(b); 29 C.F.R. §1614. As a result, the requirement of exhaustion of administrative remedies applicable to Federal employees under Title VII was imported into Federal employee disability discrimination claims brought under the Rehabilitation Act. *Boyd v. United States Postal Service*, 752 F.2d 410, 412 (9th Cir. 1985).

To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). A plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. 42 U.S.C. § 2000e-5(b); *see also B.K.B.*, 276 F.3d at 1099. In order to exhaust administrative remedies related to an RA claim, a plaintiff is required to contact an EEO counselor within 45 days of an allegedly discriminatory act. 29 C.F.R. § 1614.105(a)(1); *Johnson v. United States Treasury Department*, 27 F.3d 415, 416 (9th Cir. 1994).

Under 29 C.F.R. §105(a)(2), "[t]he agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was

ORDER
Page - 4      Case 4:07-cv-00014-RJB   Document 28   Filed 03/25/08   Page 4 of 9

prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. §105(a)(2).

The 45-day time limit in which to contact an EEO counselor begins to run on the date that the employee knew or reasonably should have known that the discriminatory matter or personnel action occurred. 29 C.F.R. § 1614.105(a)(2). Discriminatory acts are not actionable unless an employee initiates the EEO complaint process within the applicable regulatory time limits. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). A discrete discriminatory act occurs on the day it happened. *Id.* at 109. *See also Ledbetter v. Goodyear Tire and Rubber*, 1127 S.Ct. 2162 (2007)(time period for filing EEOC charge begins when discrete act occurs; discrete act [pay-setting] is one that occurs at a particular point in time). Failure to make timely contact with an EEO counselor bars a claim, absent waiver, estoppel or equitable tolling. *Boyd v. United States Postal Service*, 752 F.2d at 414.

The record in this case shows that any alleged discriminatory act likely first occurred in April 2005, when the plaintiff's physician advised the USMS via letter that the plaintiff had been placed on insulin and had "excellent control of his blood sugars" without documented hypoglycemia. Dkt. 13 at 7. The defendants allegedly did not allow the plaintiff to return to work, and instead required the plaintiff to keep a three-month continuous blood sugar log beginning in April 2005. Dkt. 13 at 7. In fact, the plaintiff received four separate requests from USMS for three-month blood sugar logs between the time he was ordered to cease work and when he was allowed to return to active duty. The requests occurred in April 2005, August 2005, December 2005, and March 2006. Dkt. 13 at 6-10.

However, giving the plaintiff the benefit of the doubt and heavily construing all facts in the plaintiff's favor, the real precipitating event was when the plaintiff received defendants' letter dated August 5, 2005, that communicated the defendants' refusal to allow the plaintiff to return to active duty (Dkt. 13, Exhibit 6), even though the plaintiff's physician approved the plaintiff for full duty status on July 19, 2005 (dkt. 13 at 7; *see also* Exhibit 5) (In fact, the plaintiff submitted to monthly evaluations by his physician, Dr. Gianni, and each month, Dr. Gianni stated that the plaintiff had "an excellent prognosis with no physical restrictions." Dkt. 12, Exhibit 1). In addition, the USMS allegedly continued to refuse the plaintiff's return to work when "at all times" he was capable of "performing all aspects of the work" and therefore, according to the complaint, the plaintiff had to use his sick and annual leave in order to be

compensated during this time. Dkt. 13 at 11. By the time the plaintiff received the defendants' August 5th, 2005 letter, the plaintiff should have reasonably known of his claim and made contact with an EEO counselor within 45 days, which means that the plaintiff's claim became untimely sometime in September 2005. *See* 29 C.F.R. § 1614.105(a)(2). However, the plaintiff did not initiate the administrative EEO complaint process against USMS until April 11, 2006 (Dkt. 6-2 at 8), about 8 months after the plaintiff received the defendants' letter. Dkt. 13 at 7. The plaintiff filed a formal EEO complaint against USMS on July 27, 2006 (Dkt. 13 at 10).

The plaintiff was required to file an EEOC claim within 45 days of USMS's alleged refusal to allow him to return to work after the plaintiff regained control of his blood sugars. Dkt. 13 at 7. At the latest, the plaintiff should have filed his EEOC claim by September 2, 2005 (45 days following receipt of the defendants' August 5, 2005 letter). Dkt. 13 at 7; *see also* Dkt. 13, Exhibit 6. Therefore, the plaintiff's EEOC claim, initiated on April 11, 2006, was not timely. *See* Dkt. 6-2 at 8.

Assuming the plaintiff's argument that his contact with an EEO counselor on April 11, 2006 was timely, the record shows that there was no discriminatory action within the preceding 45 days. *See* Dkt. 13 at 10. Because a discrete discriminatory act occurs on the day it happened (*National Railroad Passenger Corp. v. Morgan*, 536 U.S. at 109), the time period for filing EEOC an charge begins when the discrete act occurs (*Ledbetter v. Goodyear Tire and Rubber*, 1127 S. Ct. 2162). Therefore, any alleged discriminatory action that occurred prior to February 26, 2006 (45 days prior to the plaintiff's contact with an EEO counselor on April 11, 2006), was not timely brought to the attention of the EEOC and may not be added onto alleged discriminatory actions that occurred within the 45-day period. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

The plaintiff alleges that one act of discrimination occurred during the 45 days prior to his initiating contact with an EEO counselor: that "accompanying the medical clearance letter [Dkt. 13, Exhibit 16] was a Medical Review Form that notified Plaintiff would soon be required to prepare another three-month glucose log." Dkt. 13 at 10. This letter from USMS, dated March 23, 2006, reinstated the plaintiff "to perform the full range of duties" of his position. Dkt. 13, Exhibit 16 at 2. Any accompanying request that the plaintiff prepare a glucose log does not constitute discrimination.

The ADA defines discrimination in 42 § U.S.C. 12112(a). The definition specifically excepts out "inquiries into the ability of an employee to perform job-related functions." 42 § U.S.C. 12112(d)(4)(B). Any requests for further studies regarding plaintiff's diabetic status clearly relate to his ability to perform job-related functions. U.S. Marshals "are required to be in superior physical condition due to strenuous duties," and must be prepared for situations "involving aggressive law enforcement." See Dkt. 12, Exhibit 2. Physical requirements are designed to prevent U.S. Marshals from becoming "a hazard to themselves or others"(*id.*). Similarly, the plaintiff's allegation that "the blood sugar standard had been lowered substantially in 2004" and that the plaintiff was not notified of the change does not amount to discrimination. Dkt. 13 at 12. The plaintiff has not alleged a discriminatory act occurring within the 45 days prior to his contact with an EEO counselor on April 11, 2007.

Accordingly, the plaintiff's claim is barred unless the plaintiff can show (1) that he was not notified of the time limits and was not otherwise aware of them; (2) that he did not know and reasonably should not have known that the discriminatory matter occurred; or (3) that despite due diligence he was prevented from contacting the counselor. 29 C.F.R. §105(a)(2).

First, the record shows that the plaintiff was aware of the EEO complaint process and deadlines. The defendants allege that the plaintiff should have been aware of the time limits for filing an EEO complaint, because posters describing the complaint process were displayed in USMS offices. Dkt. 6 at 12. The plaintiff states that "there were posters and pamphlets provided in the Fairbanks office of the [USMS] regarding the EEO complaint procedure." Dkt. 12, Exhibit 1 at 4-5. Second, the record shows that the plaintiff should have reasonably known that a discriminatory action had occurred on or about August 5, 2005, at the latest. *See* discussion, *supra* at p. 5; *see also* Dkt. 13 at 7. Third, although the plaintiff asserts that the defendants are equitably estopped from arguing that the plaintiff's claims are time-barred due to the deceptive actions on the part of the defendants (Dkt. 12 at 4), the record does not show any such deception. The decision of the Marshall's office that denied his requests to return to work were given to him in writing (Dkt. 13 at 7-10; See also Dkt. 13, Exhibits 4-16). Therefore, even construing the allegations in the light most favorable to the plaintiff, the court finds nothing in the record indicating that an extension of the 45-day limit for filing an EEO complaint would be appropriate.

ORDER
Page - 7    Case 4:07-cv-00014-RJB   Document 28   Filed 03/25/08   Page 7 of 9

The claims in Count I should be dismissed with prejudice on the basis that the court lacks subject matter jurisdiction.

### 2. Count II Claim for Concert of Action

In Count II of the complaint, the plaintiff alleges that the defendants "acted in concert in discriminating against" him. Dkt. 13 at 13. The defendants assert that §501 of the Rehabilitation Act, 29 U.S.C. 791, is the "exclusive means of redressing disability discrimination in federal employment." Dkt. 19 at 24. The defendants ask the court to dismiss this claim because it "adds nothing new to the lawsuit and should be subsumed into Mr. Bennett's Rehabilitation Act claim." Dkt. 19 at 25.

Concert of Action is a tort principle where an actor is liable for harm resulting to a third person from the tortious conduct of another "if he ... knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other...." Restatement (Second) of Torts §876(b) (1977). The RA provides the exclusive means of redressing disability discrimination in federal employment. *Boyd v. United States Postal Service,* 752 F.2d 410, 413 (9th Cir. 1985). The RA does not provide a separate remedy for acting in concert to violate the RA. *See* 29 U.S.C. § 791. Therefore, for these reasons and the reasons already listed in the discussion of Count I above (*see supra* at p. 4-6), the court should dismiss the plaintiff's Count II Concert of Action claim.

### 3. Count III Claim under the Back Pay Act, 5 U.S.C. § 5596

In the complaint, the plaintiff asserts an intent to pursue claims under the Back Pay Act, 5 U.S.C. § 5596. Dkt. 13 at 3. The plaintiff alleges that he is entitled to damages for the loss of approximately nine months of sick and annual leave and reasonable attorney fees. *Id.* The defendants assert that the Back Pay Act is "a statutory mechanism that operates at the relief stage but does not provide an independent basis for subject matter jurisdiction." Dkt. 19 at 25.

Pursuant to the Back Pay Act:

> An employee of an agency who, on the basis of a <u>timely appeal</u> or an <u>administrative determination</u>...is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee...is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect...an amount equal to all or part of the pay which the employee normally would have earned or received...and reasonable attorney fees.

5 U.S.C. § 5596(b)(1)(A)(*emphasis added*).

Under this provision of the Back Pay Act, the plaintiff is not an employee of an agency who, on the basis of a either a timely appeal or an administrative determination, has been found by appropriate authority to have been affected by an unjustified action which has resulted in withdrawal of pay. On November 30, 2006, the Department of Justice dismissed the plaintiff's administrative EEO complaint on the ground that the plaintiff failed to initiate the EEO complaint process in a timely fashion. Dkt 6-2, Exhibit A at 14. This was a Final Agency Decision. *Id.* The plaintiff appealed this decision, and on March 22, 2007, the EEOC affirmed the decision. Dkt. 6-2, Exhibit A at 19. The court has also determined that the plaintiff's claim is untimely. *See* discussion, *supra* at p. 5. Therefore, the plaintiff's Back Pay Act claims should be dismissed with prejudice.

**4. Parties**

The defendants' claim that the United States Attorney General is the only proper defendant is correct. The individual defendants should also be dismissed on that basis.

Therefore, it is hereby

**ORDERED** that defendants' Motion to Dismiss (Dkt. 19) is **GRANTED**. The claims alleged in the plaintiff's complaint (Dkt. 13) are dismissed with prejudice. The plaintiff's petition to transfer his claim under the Back Pay Act, 5 U.S.C. § 5596, to the United States Court of Federal Claims is **DENIED**. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of March, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge